IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ACE PATTERSON,

    Petitioner,

vs.                                  Case No. 4:11cv10-RH/WCS

SECRETARY KENNETH S. TUCKER,[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

This cause is before the court for ruling on Petitioner's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, with supporting memoranda and

---

[1] Kenneth S. Tucker is the current Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent.  Fed.R.Civ.P. 25(d).

exhibits. Doc. 7 in ECF (Electronic Case Filing).[2] Doc. 13. Respondent filed a motion to dismiss with exhibits. Unless otherwise noted, references to exhibits are to those filed electronically as docs. 13-1, 13-2, and 13-3. Petitioner filed a reply. Doc. 14.

Respondent seeks dismissal of the petition with prejudice as untimely filed. Doc. 13, p. 9. There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate could have been discovered with due diligence. § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2).[3]

---

[2] The petition, two memoranda, and exhibits were scanned and filed by the clerk as a single document. Hereafter, references to doc. 7 will be to the page numbers of the document as scanned and filed in ECF. The petition is at pp. 1-45, the supporting memorandum is at pp. 46-50, the memorandum regarding the period of limitations is at pp. 51-53, and the exhibits are at pp. 54-78.

[3] The time may be equitably tolled only in rare cases, and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted, emphasis in original).

Case No. 4:11cv10-RH/WCS

Petitioner previously filed a § 2254 petition in this court, case number 4:06cv138-WS/WCS, challenging his state conviction and sentence imposed on July 14, 1998.[4]  A motion to dismiss the petition was granted and the petition was dismissed as untimely.  Docs. 18, 29, and 30 in that case (report and recommendation, order adopting it, and judgment entered on the docket on May 31, 2007).[5]  A certificate of appealability and request to appeal in forma pauperis were denied by this court, and by the Eleventh Circuit.  Docs. 34, 40, and 41 in that case.

Petitioner claims that this petition is not untimely because he was resentenced.  He identifies the date of conviction and sentence as May 13, 1998, and July 14, 1998, and identifies the date of resentencing as December 14, 2009.  Doc. 7, p. 1.  The verdict was returned on May 13, 1998, and Petitioner was originally sentenced on July 14, 1998.  Exs. B and C.  In Petitioner's memorandum regarding the limitations period

---

[4] The documents are available in ECF, so the court references the document numbers in that case.  Respondent has also supplied copies of the relevant documents as Exs. F-I.

[5] The timeliness calculation in the earlier case was as follows:

> The judgment was affirmed on June 28, 1999.  Petitioner did not seek rehearing or file a petition for writ of certiorari.  His conviction therefore became final on or about Monday September 27, 1999, when the 90 days for seeking certiorari expired.
>
> Unless a later commencement date applies or the period was tolled, Petitioner's time for filing a § 2254 petition expired on September 27, 2000.  Absent other tolling before that date, by the time the petition for writ of habeas corpus was filed in state court on November 1, 2000, there was no time left to toll.

Doc. 18 in case number 4:06cv138-WS/WCS, pp. 2-3 (citations and record references omitted).

(attached to the amended petition), he asserts that he was resentenced on December 14, 2009, when his Fla.R.Crim.P. 3.800(a) motion was granted. He claims the finality of that latter judgment is the operative date for calculating the one year period. Doc. 7, p. 52, *citing*, Ferreira v. Secretary, Dept. of Corrections, 494 F.3d 1286 (11th Cir. 2007), *cert. denied*, 555 U.S. 1149 (2009) (commencing the one year period from the date of resentencing, where state prisoner was resentenced as a result of a successful Fla.R.Crim.P. 3.850 motion). As explained in Ferreira, "[w]hat this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner," and the one year "begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *Id.*, at 1293, *following* Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (other citations omitted).[6]

Respondent claims that the current petition is untimely under the same rationale relied upon in dismissed the previous petition, that there was no resentencing to

---

[6] In Burton, a § 2254 petition had been filed challenging the petitioner's 1994 conviction. Later, after exhausting remedies following resentencing, the petitioner filed a petition challenging his 1998 resentencing. Burton, 127 S.Ct. at 795-796. The Court found this was an unauthorized second or successive petition over which the district court lacked jurisdiction. The time limit was discussed in rejecting Petitioner Burton's argument that, had he not filed his § 2254 petition until remedies were exhausted regarding the resentencing, his challenges to the underlying conviction would have been time barred. 127 S.Ct. at 798. The Court said the sentence is the judgment, and "Burton's limitations period did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review' – which occurred well after Burton filed his [initial] petition." *Id.*, at 798-799.

commence anew the one year period, and that the prior ruling as to timeliness is the law of the case. Doc. 13, pp. 4-9.

More critical than timeliness, however, is whether this is a second or successive § 2254 motion. Assuming Petitioner challenges his confinement pursuant to the same state court judgment as challenged in his first petition, this court lacks jurisdiction to consider it unless and until authorization for filing is granted by the court of appeals. *See, e.g.*, Burton, 549 U.S. at 157, 127 S.Ct. at 799 (as petitioner had neither sought nor received authorization to file a second or successive petition, the district court lacked jurisdiction). The dismissal of the prior § 2254 petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (citations omitted).[7]  *See also* McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (holding that dismissal as untimely constitutes a disposition on the merits and renders a later petition second or successive) (citing Murray) (footnote omitted);[8] Altman v. Benik, 337 F.3d 764, 766 (7th

---

[7] Although the Supreme Court did not address this issue, Murray was cited favorably in Gonzalez v. Crosby, 545 U.S. 524, 533 n. 6, 125 S.Ct. 2641, 2645, n. 6, 162 L.Ed.2d 480 (2005), rejecting the argument that the fact that dismissal of an unexhausted petition does not render subsequent petition successive: "If this argument is correct, petitioner would be able to file not just a Rule 60(b) motion, but a full-blown habeas petition, without running afoul of § 2244(b). But see, *e.g., Murray v. Greiner*." (full citation omitted). The Court did not need to decide the question, however, because it concluded the Rule 60(b) motion, which did not raise any claim for relief from the conviction or sentence, should not be treated as a second or successive petition. *Id.*

[8] The court noted that a Fed.R.Civ.P. 60(b) motion challenging a prior dismissal on the basis of untimeliness would not necessarily be a second or successive motion. *Id.*, at 1030, n. 1 (*citing* Gonzalez, *supra* n. 4) (other citation omitted).

Cir. 2003) (prior untimely petition "counts" to render subsequent petition successive: "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). *Cf.* Jordan v. Sec'y Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir.), *cert. denied*, __ U.S. __, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007) (not discussing the issue but noting that the first petition was denied with prejudice as untimely, and authorization for filing the second or successive petition had been granted).[9]

    The critical question remains whether Petitioner Patterson is now in custody pursuant to a new sentence imposed in 2009. If so, he would not be in custody under the same judgment challenged in the § 2254 petition filed in 2006, and he has not previously challenged his custody under a 2009 judgment. *See* Magwood v. Patterson, --- U.S. ----, 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010) (agreeing that § 2244(b) applies only to a second or successive application challenging the *same* state court judgment, so a first application challenging a new judgment following resentencing "cannot be 'second or successive' such that § 2244(b) would apply."). "[B]oth § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.*, at 2797.

---

[9] *Compare*, Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (a Fed.R.Civ.P. 60(b) motion, challenging dismissal of prior § 2254 petition only on the basis of the court's timeliness analysis and raising no claims for relief on the merits, was not the equivalent of a second or successive petition; still affirming the denial of relief as extraordinary circumstances justifying Rule 60(b) relief had not been shown).

Petitioner's "Uniform Commitment to Custody of Department of Corrections," with attached judgment, is Ex. D (doc. 13-1, pp. 26-42).  See Fla.R.Crim.P. 3.810 (the judgment and sentence shall be attached to the commitment, and the sheriff shall transfer the defendant with the commitment and certified copies to the official whose duty it is to execute the sentence).  Petitioner was sentenced to terms of 311 months on counts one and two, and terms of life on counts three and four.  As to counts three and four, Petitioner was determined to be a sexual predator, and there is a check mark on the form next to "Chemical Castration pursuant to F.S. 794.0325 [sic] M.P.A."  Doc. 13-1, pp. 37 and 40).[10]

Petitioner filed a motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800(a) on August 12, 2008.  Ex. L (doc. 13-3, pp. 50-53).  He noted he was sentenced to concurrent terms of 311 months on counts one and two, and consecutive life terms on counts three and four.  He did not challenge the sentences, but challenged the sentencing court's order, under Fla. Stat. § 794.0235.  That statute authorizes administration of medroxyprogesterone acetate (MPA) chemical castration under the discretion of the prison commencing "not later than one week prior to the defendant's release from prison" and shall continue for a duration of years as specified by the sentencing court or for life.  Ex. L, p. 3; Fla. Stat. § 794.0235(2)(a).  Petitioner argued that the court had not complied with the requirements of § 794.0235 in ordering

---

[10] The citation was incorrect, the statute is (and was in 1998) § 794.0235; there is no § 794.0325.

administration of MPA.  *Id.*, pp. 3-4.  For relief, he asked the court "to remove the order of MPA from his judgment and sentence."  *Id.*, p. 4.

The State conceded that the 3.800 motion was facially sufficient, and an evidentiary hearing was scheduled.  Exs. N and O.  A hearing was not held because the State stipulated to the facial sufficiency of the motion "and stipulates to the Defendant's motion in light of the Defendant's consecutive Life sentences in the above styled matter."  Ex. P, p. 2.  The Guardian Ad Litem agreed to the stipulation "as it is a moot issue in light of the Defendant's consecutive Life sentences," and did not want to subject the victim to painful recollections "by having a contested hearing on an issue that is a 'moot point.' "  *Id.*

The court ordered:

> [T]he Defendant's Motion to Correct an Illegal Sentence is GRANTED and the Defendant shall not have to undergo [the MPA injection], also known as "Chemical Castration" as previously ordered by the Court at his sentencing in the above styled matter.

*Id.*, p. 3 (doc. 13-3, p. 67 in ECF).  The order was signed on December 14, 2009.  *Id.*

Consequently, Petitioner is not in custody pursuant to this order, which simply removed the MPA treatment condition from his original sentence.  The MPA condition did not affect his term of imprisonment one way or another, as MPA "may not be imposed in lieu of, or reduce, any other penalty prescribed under s. 794.011."  § 794.0235(1).  There was no hearing on the MPA issue as it was considered moot in light of the consecutive life sentences, which were not challenged or invalidated.  *Cf,* Murphy v. United States, 634 F.3d 1303, 1314 (11th Cir. 2011) (because Fed.R.Crim.P.

35(b) reduction does not affect finality of judgment, and it "does not constitute a resentencing where an old sentence is invalidated and replaced with a new one," reduction did not alter the date of finality and § 2255 motion was untimely).

The order of December 14, 2009, did not invalidate the original prison sentences on the four counts, or even reiterate the sentences. It merely invalidated a condition which had no impact on the prison sentence to be served. It can, therefore, only be pursuant to the original sentence and judgment that Petitioner remains in custody of his multiple terms of 311 months and life. He has already challenged his custody pursuant to the original sentence, and this is an unauthorized second or successive § 2254 petition over which the court lacks jurisdiction. Respondent's motion should be granted, though not for the reasons argued (that the petition is untimely), and the petition should be dismissed.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

**Conclusion**

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (doc. 13) be **GRANTED**, and the court **DISMISS** Petitioner's § 2254 petition challenging the 1998 judgment of the Third Judicial Circuit, Madison County, as an unauthorized second or successive petition. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a), and that leave to appeal in forma pauperis be **DENIED** as an appeal would not be taken in good faith.

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2012.

        s/   William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**