IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ACE PATTERSON,

      Petitioner,

v.                              CASE NO. 4:11cv10-RH/CAS

SECRETARY KENNETH S. TUCKER,

      Respondent.

_____/


## ORDER DENYING THE PETITION AND
## GRANTING A CERTIFICATE OF APPEALABILITY


      This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 15, and the objections, ECF No. 19. I have reviewed *de novo* the issues raised by the objections. The report and recommendation correctly concludes that the petition should be dismissed as an unauthorized second or successive petition. The report and recommendation is adopted as the court's opinion on this issue. I also conclude, however, that a certificate of appealability should be granted on this issue.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has made the required showing.  A petition challenging a new judgment is not "second or successive" even if the new judgment carries forward the substance of a decision that was part of an original judgment that was attacked through an earlier petition.  *See Magwood v. Patterson*, 130 S. Ct. 2788 (2010); *Campbell v. Sec'y, Dep't of Corr.*, 447 F. App'x 25 (11th Cir. 2011) (unpublished); *cf. Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007).  The law of the circuit is unsettled on whether the state court's order deleting a term of the original sentence—the term requiring administration of medroxyprogesterone acetate—constituted a new judgment, so that the current petition was not second or successive.  *See also Wentzell v. Neven,* No. 10-16605, 2012 WL 1071638 (9th Cir. April 2, 2012); *Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010); *Martin v. Bartow*, 628 F.3d 871 (7th Cir. 2010).

For these reasons,

IT IS ORDERED:

1.  The report and recommendation is ACCEPTED.

2.  The clerk must enter judgment stating, "The petition is DENIED with prejudice."

3.  A certificate of appealability is GRANTED on this issue: whether the state-court order deleting from the petitioner's sentence the term requiring

administration of medroxyprogesterone acetate constitutes a new judgment, so that the current petition is not second or successive.

    4.  The clerk must close the file.

    SO ORDERED on April 18, 2012.

                                      <u>s/Robert L. Hinkle</u>
                                      United States District Judge